02D03-2102-CT-000105

Filed: 2/22/2021 2:51 PM
Clerk

USDC IN/ND case 1:21-cv-00111-DRL-SLC   document 6   filed 02/22/21   page 1 of 10

Allen Superior Court 3

Allen County, Indiana
BB

| | | |
|---|---|---|
| STATE OF INDIANA    ) | | IN THE ALLEN SUPERIOR COURT |
|                     ) SS: | | |
| COUNTY OF ALLEN     ) | | CAUSE NO._____ |

RACHEL BROOKS (n/k/a ZELL),    )
                               )
       Plaintiffs,              )
                               )
v.                             )
                               )
EXEL, INC. d/b/a DHL SUPPLY CHAIN  )
                               )
       Defendant.               )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is Rachel Brooks (now known as Zell), a resident of Fort Wayne Indiana who worked for Defendant from about March 20, 2017 to April 8, 2020 and who filed a Charge of Discrimination No. 470-2020-04069 with the Equal Employment Opportunity Commission ("EEOC") on or about August 21, 2020.  See Exhibit A attached hereto and made apart hereof and incorporated herein.  The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on or about November 30, 2020 (Exhibit B), and this Complaint has been filed within ninety (90) days after receipt thereof.

2. The Defendant is Exel, Inc., d/b/a DHL Supply Chain, which does business at 12747 Bluffton Road, Fort Wayne, Indiana 46809.  The registered agent for Defendant is C T Corporation System and its address is 334 N. Senate Avenue, Indianapolis, Indiana 46204. The corporate office for Exel, Inc., d/b/a DHL Supply Chain is 360 Westar Blvd., Westerville, Ohio 43082.  Defendant is an employer for purposes of the

–1–

American's With Disabilities Act, 42 U.S.C. § 12111 et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). And the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., ("FMLA").

3. Plaintiff claims that she was discriminated against on the basis of her disability in violation of the ADA, her age in violation of the ADEA and on the basis of her serious health condition for which she took medical leave under the FMLA, all is set forth in the attached Charge of Discrimination No. 470-2020-04069 (incorporated herein as Exhibit A).

4. Plaintiff suffered from a disability because she was diagnosed with Fibromyalgia, two herniated discs in her back, bone spur on her neck, Spinal Stenosis, Osteoarthritis, Kidney Stones, Migraines, Brachial-plexus in right shoulder, Bi-lateral carpal tunnel syndrome in both hands, and Degenerative Arthritis of the spine. Plaintiff was substantially impaired in her everyday life activities of walking, standing, bending, prolonged sitting, muscle pain, numbness, weakness of nerves, fatigue, memory loss, mood altering, altered sleep, and right leg tingling. Plaintiff requested reasonable accommodations of periodic time off work to attend to her health conditions/disability. Instead of accommodating Plaintiff, Defendant criticized and verbally harassed the Plaintiff accusing her of "missing work all the time", which was false.

5. In March or April of 2020, Plaintiff was accused by Defendant of "taking FMLA every chance you get", which was false. Plaintiff complained about this continued harassment in taking FMLA leave and seeking accommodations for her disability.

6. Plaintiff objected to Defendant's comments that she was taking FMLA whenever she

felt like it, and on April 5, 2020 Plaintiff was again confronted by a co-worker who was harassing her about her medical condition and taking medical leave -- so Plaintiff filed a complaint against the individual.

7. Then approximately three (3) days later, on April 8, 2020, Plaintiff was called into a meeting with her supervisor and an operations manager, and she was accused of using her cell phone on the job on Saturday, April 4, 2020 – which was a false allegation. Plaintiff was then fired.

8. Similarly situated substantially younger employees -- Plaintiff was born in 1971 and was 49 years old at the time of her termination, whereas the similarly situated younger girls who were allowed to be on their cell phones ranged in age of 18 to 20 years old but they were not fired. Plaintiff alleges that the termination excuse, that she was on her cell phone, was pretextual, and that she was actually terminated because of her disability, her request for accommodations, and her taking FMLA leave, and because of her age.

9. As a direct result of Defendant discriminating against and retaliating against Plaintiff, Plaintiff lost her job and job-related benefits including income. Plaintiff experienced emotional distress, mental anguish, financial distress, humiliation, embarrassment, inconvenience, and other damages and injuries. The actions of the Defendant were intentional and in reckless disregard of Plaintiff's federally protected civil rights under the ADA, the ADEA, and the FMLA. Plaintiff requests punitive and liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for backpay, front pay,

compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises under the ADA, ADEA, and the FMLA.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiffs demand a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:        cmyers@myers-law.com
*Counsel for Plaintiff*

15:05 p.m. 08-21-2020    5
AUG/21/2020/FRI 02:48 PM     FAX No.     Equal Employment Opportunity Commission
Indianapolis District Office    005
RECEIVED 08/21/2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☐ EEOC | 470-2020-04069 |

Equal Employment Opportunity Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Rachel Brooks | (260) 702-2523 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2621 E. State Blvd. | Fort Wayne, IN 46805 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DHL Supply Chain d/b/a Excel | 16+ | (260) 478-1558 |

| Street Address | City, State and ZIP Code |
|---|---|
| 12747 Bluffton Road | Fort Wayne, IN 46809 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 3/2018    Latest: 4/8/20
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. The Complainant was a qualified employee of the Respondent who is over the age of 40 years, and who suffers from a serious health condition that constituted a disability/perceived disability/record of impairment. The Complainant contends that at material times to this Charge, the Respondent discriminated against her, retaliated against her, failed to engage in the interactive process with her and denied her reasonable accommodations, in violation of her federally protected rights under the American's with Disabilities Act, 42 U.S.C. § 12111 et seq. ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). (In the alternative, the Complainant contends that she was discriminated against and retaliated against for asserting her rights under the FMLA.)

II. The Respondent is DHL Supply Chain / Excel, a company doing business at 12747 Bluffton Road, Fort Wayne, Indiana 46809. At all material times to this Charge, the Respondent was an "employer" for the purposes of the ADA, ADEA and the FMLA.

III. The Complaint was employed by the Respondent from March 6, 2017 until on or about May 11, 2018; she was reemployed by the Respondent on or about May 31, 2018 and continued to work for this employer until her wrongful termination on about 4/8/20. She held the position of "in-bounder". The Complainant's duties included operating a lift truck, and she had performed within the reasonable expectations of the employer at all material times to this Charge.

IV. The Plaintiff filed a Charge of Discrimination against the Respondent on 1/17/2019, addressing problems with unlawful discrimination and/or unlawful retaliation she had been encountering with the Respondent. That Charge is attached hereto and made a part hereof. (See Charge and faxed transmittal proof). Complainant was retaliated against for filing this earlier Charge.

V. Most recently, Ms. Brooks encountered repeated discrimination, harassment, and retaliation in violation of her rights under the ADA, ADEA (and FMLA). In 2019 and 2020, the Complainant requested the reasonable accommodation of periodic time of work to attend to her health condition/ disability.

Continued on Page 2

EXHIBIT A

AUG/21/2020/FRI 02:49 PM    FAX No.    Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 08/21/2020

VI. In response to her use of the reasonable accommodation, the Complainant's supervisor, Barry Washington, repeatedly criticized and verbally harassed her, accusing the Complainant of "missing work all of the time", which was false. Although the Complainant did have absences during 2019 and 2020, they were excused absences and/or otherwise approved absences for which she was entitled to FMLA coverage. She had not engaged in excessive unauthorized absenteeism.

VII. The Complainant reported the supervisor's harassment twice to the Defendant, approximately 2-4 weeks prior to her separation form employment. She first reported it to Operations Manager Shannon Ulrick.

VIII. Shortly after that, Barry Washington sought the Complainant out and confronted and questioned her about having complained about his harassment to the Operations Manager. The Complainant told Washington she did not feel comfortable around him to speak to him about it.

IX. In March or April 2020, and incident occurred in which Washington accused the Complainant of "taking FMLA every chance you get", falsely implying that the Complainant used the accommodation simply to get out of work she did not wish to perform.

X. The Complainant then complained to second shift operations manager Randy _____ about Washington's continued harassment and this latest harassing accusation from him. Randy ___ said he would talk to Washington, but also wanted to know from the Complainant if she wanted him to talk to Washington. The Complainant said she was worried Washington would hunt her down again and confront her if Randy talked to him, so Randy said the Complainant could have time to think about what she wanted done. Two days later, after the Complainant further considered the matter, she followed up with Randy and told him she did indeed want him to talk to Washington about the continued harassment.

XI. On Sunday 4/5/20 washington hunted the Complainant down while she was dealing with an inventory matter with a coworker Donald Collins, and tried to confront her again about her protests about his harassing her. After Mr. Collins drove off, Washington asked Complainant why she filed the complaint. Complainant then told him, "I filed the complaint because of what you stated about taking FMLA whenever I feel like it." Washington then said "No". Complainant indicated that in =fact he had and she went back to work.

XII. The Complainant returned to work on her next scheduled work day, 4/8/20. She was called into a meeting with supervisor Phil Perry, lead person Nate _____, and operations manager Randy_____. She was accused of using her cell phone on the job, on Saturday April 4th – a false allegation. The Complainant was also told that, among other things, she was being fired.

XIII. Meanwhile, similarly situated employees that lacked a disability/perceived disability/record of impairment, who were under the age of 40 years old, and who had not used FMLA leave, were *not* fired when they used their cell phones while on the job. One such employee was Savannah Hardiek.

XIV. Other similarly situated employees that had worse attendance and/or worse disciplinary records than the Complainant, but who were outside of the Complainant's protected categories, were also retained by the Respondent. Several such employees with whom the Complainant worked, included Richelle Jehlshaphat, Marissa Fitzgerald, Savannah Hardiek, Autum Arnstein, and Brandon _____ (last names unknown). All were under the age of 25, and also had significantly less relevant experience than the Complainant as well.

Continued on Page 3

2:15:05 p.m. 08-21-2020
AUG/21/2020/FRI 02:49 PM

Equal Employment Opportunity Commission
FAX No.       Indianapolis District Office 607
RECEIVED 08/21/2020

470-2020-04069

XV. Other similarly situated employees (in-bounders) were not treated like the Complainant. Barry Washington would leave messages either by email or word of mouth to leave the Complainant's unfinished doors for her to finish and she was the only one who would have to finish them, as generally the next shift would finish the doors.

XVI. The Complainant contends that the Respondent has discriminated against her, harassed, and retaliated against her on the basis of her disability/perceived disability/record of impairment, her age (over 40 years old), in violation of the Complainant's federally protected rights under the ADA, ADEA. (In the alternative, the Respondent discriminated against, harassed and retaliated against the Complainant for asserting her rights to FMLA.)

XVII. The Respondent's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job-related benefits including income, and additionally caused her inconvenience, emotional distress, and other damages and injuries. The Complainant is entitled to recover compensatory damages and reasonable attorney fees and costs against the Respondent.

XVIII. The Respondent's discriminatory, harassing, and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complaint's federally protected rights under the ADA (and/or the FMLA). The Complainant is entitled to recover punitive damages under the ADA, and liquidated damages under the ADEA (and the FMLA) against the Respondent.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

8-21-20
Date

*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☐ EEOC | |

| Equal Employment Opportunity Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Rachel Brooks | (260) 702-2523 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2621 E. State Blvd. | Fort Wayne, IN 46805 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DHL Supply Chain d/b/a Excel | 16+ | (260) 478-1558 |

| Street Address | City, State and ZIP Code |
|---|---|
| 12747 Bluffton Road | Fort Wayne, IN 46809 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 3/2018   Latest: current
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is a qualified employee of the Respondent who suffers from a serious health condition constituting a disability/perceived disability/record of impairment. The Complainant contends that at material times to this Charge, the Respondent discriminated against her, retaliated against her, failed to engage in the interactive process with her and denied her reasonable accommodations, in violation of her federally protected rights under the American's with Disabilities Act, 42 U.S.C. § 12111 et seq. ("ADA"). (In the alternative, the Complainant contends that she was discriminated against and retaliated against for asserting her rights under the FMLA.)

II. The Respondent is DHL Supply Chain / Excel, a company doing business at 12747 Bluffton Road, Fort Wayne, Indiana 46809. At all material times to this Charge, the Respondent was an "employer" for the purposes of the ADA.

III. The Complaint was employed from March 6, 2017 until on or about May 11, 2018; she was reemployed by the Respondent on or about May 31, 2018 and continues to work for this employer at the time of this Charge. She has performed within the reasonable expectations of the employer, and holds the position of "inbounder". (Complaint was put back to full pallet clamp. As of November 30, 2018, Complainant is to be put back on inbounds when work is available).

IV. During the week of May 9, 2018, the Complainant requested family Medical leave in order to attend to her serious health conditions/disability/perceived disability. Shortly thereafter she was terminated for allegedly making an unauthorized schedule change, however, the Complainant was not even at work on the day that the schedule had allegedly been changed by her, and she denies the allegation.

V. After complaining to the Respondent's corporate office about being wrongfully terminated, Complainant was rehired on or about May 31, 2018. However, the dates while she was off work due to the wrongful termination remain unpaid.

Continued on Page 2

VI. Following the Complainant's return to work, her work has been over scrutinized and the

VII. Respondent has begun accusing her of allegedly cheating on her reported productivity. This is in spite of the fact that the Complainant has been completing her tasks the way she was trained, and following the method and procedure that the other employees that are "inbounders" also follow. (2-3 months later only 3-6 employees were disciplined and 2 still have not yet been disciplined).

VIII. Part of the Complainant's responsibility and duties involve moving pallets. When she has moved pallets two at a time instead of one at a time, the Respondent chastised her. However, her similarly situated co-workers also move pallets two at a time, the Respondent has been fully aware of it, but has not chastised or disciplined the other inbounders for this. The Complainant notes however that the fellow inbounders do not suffer from serious health conditions constituting disabilities/perceived disabilities/records of impairment (nor have they used FMLA leave).

IX. The Complainant contends that the Respondent has discriminated against her, and retaliated against her for suffering from a disability/perceived disability/record of impairment, in violation of her federally protected rights under the ADA (and/or FMLA). The Respondent's unlawful discriminatory and/or retaliatory conduct is the direct and proximate cause of the Complainant suffering the loss of her job and job-related benefits including income, and additionally caused her inconvenience, emotional distress, and other damages and injuries. For the period of time she was off work due to the wrongful termination, the Complainant lost approximately three weeks' worth of wages that she otherwise would have been earning had she been permitted to continue working.

X. The Complainant is entitled to seek compensatory damages and reasonable attorney's fees and costs from the Respondent.

XI. The Respondent's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complaint's federally protected rights under the ADA (and/or the FMLA). The Complainant is entitled to seek punitive damages under the ADA (and/or liquidated damages available under the FMLA) against the Respondent.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11-30-18   [Charging Party Signature]
Date   Charging Party Signature

NOTARY - When necessary for State and Local Agency Requirements

[Notary Signature]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

[Signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
11/30/2018

My Commission Expires
Allen County
Notary Public - State of Indiana
Seal
LORI KAY KOB

02D03-2102-CT-000105

Filed: 2/22/2021 2:51 PM
Clerk
Allen County, Indiana

EEOC Form 161 (11/16) USDC IN/ND case 1:21-cv-001 U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION filed 02/22/21 page 10 of 10

BB

## DISMISSAL AND NOTICE OF RIGHTS

To: **Rachel Brooks**
**2621 East State Boulevard**
**Fort Wayne, IN 46805**

From: **Indianapolis District Office**
**101 West Ohio Street**
**Suite 1900**
**Indianapolis, IN 46204**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-04069 | **Marc A. Fishback,** **Enforcement Supervisor** | (463) 999-1179 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

FOR: **Michelle Eisele,** **District Director**

11/30/20
*(Date Mailed)*

Enclosures(s)

cc: **DHL SUPPLY CHAIN**
**ATTN: McKenzie McElroy**
**DHL Supply Chain**
**360 Westar Blvd.**
**Westerville, OH 43082-7627**

**Christopher C. Myers**
**CHRISTOPHER C MYERS & ASSOCIATES**
**809 South Calhoun Street, Suite 400**
**Fort Wayne, IN 46802**

EXHIBIT B